IN RE ESTATE OF PAUL J. MOSS, DECEASED. ROMA MOSS, APPELLANT, V. JULIE ANN STUEVEN, APPELLEE.

263 N. W. 2d 98

Filed March 1, 1978. No. 41350.

Erickson, Sederstrom, Johnson & Fortune and Robert T. Fortune, for appellant.

Thomas L. Anderson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

BOSLAUGH, J.

Paul J. Moss, a resident of Hall County, Nebraska, died testate on June 24, 1976. He was survived by his widow, Roma Moss, and a daughter from a previous marriage, Julie Ann Stueven. His will, which was admitted to probate, devised and bequeathed all his property to his daughter. The widow filed an election to take her statutory share of the estate. The daughter filed objections to the election, alleging that the widow's right to a statutory share of the estate was barred by an antenuptial contract. The county court found that the widow was entitled to a one-fourth interest in all the property of the deceased except a quarter section of land. The quarter section was the farm where the deceased and his widow had lived. The deceased had owned this property since 1949.

The widow appealed to the District Court where the judgment was affirmed. She has now appealed to this court. There is no cross-appeal.

The appellant and the deceased were first married on June 1, 1952. That marriage lasted approximately 6 weeks. They were married again in August 1958. This marriage lasted for 3 or 4 months. They were married for the third time in 1965. The parties had separated before the will was made on June 3, 1976, but were still married when the testator died. The antenuptial contract which is in question was executed on July 2, 1965, a few weeks before the third marriage took place.

The agreement provided that the appellant and the deceased should each retain the property they then owned, and neither party should have any interest in the property of the other. The agreement did not apply to future property. The agreement specifical-

ly provided that each party waived any right of inheritance or statutory interest in the estate of the other. There was no schedule of property attached to the agreement and the evidence shows the deceased made no formal disclosure to the appellant of the property he then owned or its value.

The antenuptial agreement involved in this case satisfied all statutory formalities concerning its execution. Former § 30-106, R. R. S. 1943. The issue is whether the contract is invalid because the appellant received nothing under it and the deceased made no formal disclosure of his property to the appellant at the time the agreement was executed.

An antenuptial contract is valid if the formalities of the statute are met and it is fair and fairly made by persons legally qualified to contract. Strickland v. Omaha Nat. Bank, 181 Neb. 478, 149 N. W. 2d 344. Such contracts are not against public policy and are enforceable if freely and intelligently made.

In determining whether an antenuptial agreement is valid, the basic issue is fraud or overreaching and not the absence of disclosure. Strickland v. Omaha Nat. Bank, *supra*.

An apparently unreasonable provision for a wife, or a disproportion between what she is to receive and the value of the property of the husband does not in and of itself afford a basis for voiding the contract. Unless there be fraud or overreaching the contract is valid. Strickland v. Omaha Nat. Bank, *supra*.

When each party to an antenuptial contract is chargeable with knowledge of the extent and value of the other's property, a disproportionate allowance for the prospective wife does not shift the burden of proof to the husband or to the representatives of his estate to sustain the contract. Kingsley v. Noble, on rehearing, 129 Neb. 808, 263 N. W. 222; Wulf v. Wulf, 129 Neb. 158, 261 N. W. 159.

The facts in this case are somewhat unique. Since

the appellant was allowed a one-fourth interest in all the property of the deceased except the quarter section of land, the only property in controversy is the quarter section of land which was the farm where the deceased and the appellant lived.

In addition to the time they lived together while married, the appellant testified that after the first divorce she was the "wife" of the deceased every weekend for 25 years. There can be no doubt but that the appellant was very familiar with the farm which was owned by the deceased. As stated in Wulf v. Wulf, *supra:* "It was within the range of plaintiff's vision practically all her adult life. Its extent and value could not have been concealed from her."

Under the circumstances of this case, the failure of the deceased to make a formal disclosure that he owned the farm and its value, at the time the antenuptial agreement was executed, did not affect the validity of the agreement. The judgment of the District Court is affirmed.

AFFIRMED.